**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Denise Peterson

   v.                                                  Case No. 22-cv-329-SE

Department of Defense

### REPORT AND RECOMMENDATION

Denise Peterson, proceeding pro se and in forma pauperis, has sued the United States Department of Defense ("DOD"). Ms. Peterson's complaint (Doc. No. 1) is before the court for preliminary review. See 28 U.S.C. § 1915(e); LR 4.3(d)(2).

### Preliminary Review Standard

This court subjects complaints filed in forma pauperis to preliminary review under LR 4.3(d)(2) and may dismiss complaints that are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek damages from defendants who are immune from such relief. See id.; see also 28 U.S.C. § 1915(e)(2). The court construes pro se complaints liberally in conducting preliminary review. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the complaint and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief. Hernandez-Cuevas v. Taylor,

723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Factual Allegations

Although her complaint is often difficult to follow, Ms. Peterson generally alleges that she and her son have been "tortured ... with microchips" both at home and while visiting family. She further asserts that an individual from Massachusetts has involved her in human trafficking by using microchips and by having motorcyclists follow her. She alleges that these individuals are involved with the United States Department of Defense and are acting in response to her child's disability-related school placement. In addition, Ms. Peterson claims that motorcyclists have been tailing her car and have been interfering with her car ignition, phone and home wireless network. Finally, Ms. Peterson asserts that the same individuals affiliated with the Department of Defense have been flying a plane over her home and trying to injure her with ultrasonic vibrations.

## Discussion

One standard for dismissing claims upon preliminary review is set forth in Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citing Neitzke v. Williams, 490 U.S. 319, 325, 327-28 (1989)).

The assertions in the complaint in this case satisfy that standard, as the complaint lacks "an arguable basis in law or fact." Neitzke, 490 U.S. at 325. While this court has no reason to question the intensity and sincerity of plaintiff's concern for her and her family's safety and security, plaintiff's claims of harassment, electronic targeting, stalking, and trafficking do not give rise to any nonfrivolous claim upon which relief can be granted.[1] Accordingly, the complaint (Doc. No. 1) should be dismissed.

## Conclusion

For the foregoing reasons, the district judge should dismiss the complaint (Doc. No. 1).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to

---

[1] This court notes that the State of New Hampshire provides the following link to several community resources in New Hampshire: https://www.servicelink.nh.gov/.

3

file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 26, 2022

cc: Denise Peterson, pro se